UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-22181-KMM

BRANDON BLOCKER,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner
of the Social Security Administration,[1]

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Consent Motion and Petition for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (ECF No. 18). The matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, District Court Judge for the Southern District of Florida, to take all necessary and proper action as required by law with respect to Plaintiff's Motion (ECF No. 19).

**I.    BACKGROUND**

Plaintiff is the prevailing party in this appeal of the denial of his Social Security benefits. The government, having moved to remand the case under 42 U.S.C. § 405(g), warranted that upon remand the Appeals Council would direct the Administrative Law Judge ("ALJ") to offer Plaintiff

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

the opportunity for a new hearing and obtain Vocational Expert ("VE") testimony to determine if there are other jobs for which an individual like Plaintiff can perform in significant numbers in the national economy (ECF No. 15). The Court granted the Motion, reversing the decision of the Commissioner and remanding the matter for further proceedings as described (ECF No. 16). Plaintiff then filed the instant Motion for the award of Attorney's Fees under the Equal Access to Justice Act ("EAJA"), which the government does not oppose, and this Report and Recommendation follows.

## II.  DISCUSSION

In relevant part, the Act states the following:

> [A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *Taylor v. Heckler*, 778 F. 2d 674, 675 (11th Cir. 1985). Here, Plaintiff asserts, and Defendant does not dispute, that he is the prevailing party and that Defendant's position was not substantially justified (ECF No. 18). The only remaining question is whether Plaintiff's requested attorney's fees are reasonable.

Plaintiff seeks $5,220.96 in attorney's fees, reflecting 24.0 hours expended by his attorney at a rate of $217.54 per hour for legal services provided in calendar years 2021 and 2022. *Id.* Plaintiff includes an accompanying itemization of hours explaining the nature of his attorney's work on Plaintiff's behalf (ECF No. 18 at 2-3). Though the EAJA sets a ceiling of $125.00 per hour for attorney's fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

Accordingly, having reviewed Plaintiff's counsel's itemized time entries, experience, and reputation (ECF No. 18), the undersigned finds Plaintiff's request for attorney's fees to be reasonable. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.") (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)); *see also Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988) (stating that a prevailing party is likewise entitled to attorney's fees for work done on appeal, provided the party also prevailed on appeal), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990); *Stokes v. Saul*, 20-CV-61485, 2021 WL 3019496, at *1 (S.D. Fla. July 7, 2021) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Carter v. Comm'r of Soc. Sec.*, No. 6:13-CV-931-ORL-22, 2014 WL 5454391, at *1 (M.D. Fla. Oct. 27, 2014) (same); *Washington v. Comm'r of Soc. Sec.*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (same); *Torres v. Comm'r of Soc. Sec.*, No. 6:07-CV-1384-ORL-18KRS, 2009 WL 35282, at *1 (M.D. Fla. Jan. 6, 2009) (same).

Plaintiff additionally seeks, and Defendant does not oppose, recovery of the $402.00 filing fee. Plaintiff provides no supporting documentation for the filing fee, but a review of the docket in this case reflects filing fees paid in the amount of $402.00. Filing fees are recoverable as a cost under § 1920, and thus the undersigned recommends that $402.00 be awarded in costs for the filing fee. *See Goodman v. Sperduti Enter., Inc.*, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920[.]").

### III. RECOMMENDATIONS

For the foregoing reasons, I recommend that Plaintiff's Consent Motion and Petition for Attorney's Fees Under the EAJA (ECF No. 18) be **GRANTED,** and that Plaintiff be awarded a total of $5,220.96 in attorney's fees, and $402.00 in costs associated with the filing fee, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 19th day of May, 2022.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**

cc:  Hon. K. Michael Moore
     Counsel of Record